http://www.va.gov/vetapp16/Files5/1639943.txt

Citation Nr: 1639943 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 09-33 482 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana

THE ISSUE

Entitlement to service connection for hypertension, to include as due to in-service herbicide exposure and as secondary to service-connected diabetes mellitus and/or posttraumatic stress disorder (PTSD).

REPRESENTATION

Appellant represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

J. Davitian, Counsel

INTRODUCTION

The Veteran served on active duty from June 1967 to June 1969. He was awarded the Purple Heart and the Combat Infantryman Badge.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a July 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri. 

The RO in Indianapolis, Indiana, currently has jurisdiction of the claim. 

A February 2013 Board decision denied the Veteran's claim of entitlement to service connection for hypertension, to include as secondary to herbicide exposure or diabetes mellitus. 

The Veteran subsequently filed an appeal with the United States Court of Appeals for Veterans Claims (Court). In a December 2013 Order, the Court granted Joint Motion for Partial Remand (Joint Motion), vacating the portion of the Board's February 2013 decision as it pertained to the denial of service connection for hypertension, and remanding the claim to the Board for compliance with directives that were specified by the Joint Motion. 

The Board subsequently remanded the claim in June 2014, December 2014 and September 2015.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Board's September 2015 remand reviewed the evidentiary development for this claim in detail. The Board determined that the VA medical opinions of record at that time were inadequate and therefore additional VA medical opinions were required. Unfortunately, the opinions obtained since then are still inadequate. 

The Board previously identified specific articles and evidence for the VA examiners to consider. The Institute of Medicine of the National Academies, Veterans and Agent Orange Update: 2006 (2007), addressed the fact that hypertension had been categorized as having "limited or suggestive evidence" of association with herbicide exposure. The Veteran's representative submitted a brief in November 2014 that included medical treatise evidence that discussed a link between the development of hypertension and herbicide exposure. The November 2014 Brief also cited medical treatise evidence in support of the contention that sleep impairment could cause or aggravate hypertension. The Veteran's November 2014 and August 2015 Briefs cited medical treatise evidence that purported to support the position that PTSD could cause and aggravate cardiovascular problems. The medical evidence of record noted sleep issues related to the Veteran's service-connected PTSD, consisting of a February 2008 VA PTSD Examination Report (noting nightmares) and a July 2013 VA Treatment Note (discussing the Veteran's PTSD and noting that the Veteran reported nightmares and interrupted sleep pattern and "that these symptoms have been present since his return from Vietnam, however, they worsened after his retirement").

Pursuant to the most recent remand, VA obtained DBQ Medical Opinions dated in December 2015 and March 2016. Together, these opinions addressed some of the evidence detailed above, but the opinions are still inadequate. The March 2016 opinion briefly discussed the articles, then provided a negative opinion without a specific discussion of the specific facts of this case. Further, the DBQ opinions did not address the Veteran's sleep issues, despite the Board's instruction. 

Once the Secretary undertakes the effort to provide an examination when developing a service-connection claim, even if not statutorily obligated to do so, he must provide an adequate one. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). 

Thus, the development requested by the Board's September 2015 remand was not fully completed. A remand by the Board confers on the Veteran, as a matter of law, the right to compliance with the remand orders. Stegall v. West, 11 Vet. App. 268, 271 (1998). It imposes upon VA a concomitant duty to ensure compliance with the terms of the remand. Thus, in the present case additional development must be conducted.

At issue is whether the Veteran's hypertension is caused or aggravated by his service-connected PTSD or diabetes. The Board also points out that under 38 C.F.R. § 3.310(b), any "increase in severity of a nonservice-connected disease or injury that is proximately due to or the result of a service-connected disease" and not due to the natural progress of the disease will be service connected. 38 C.F.R. § 3.310(b) does not state that a temporary worsening of a nonservice-connected disability cannot be service connected. The opinions obtained to date have focused on a lack of evidence of permanent worsening. 

Accordingly, the case is REMANDED for the following action:

1. Obtain any outstanding VA treatment records and any relevant outstanding private treatment records.

2. After completion of the above, return all relevant records from the Veteran's eFolders to the examiner who provided the December 2015 and March 2016 DBQ medical opinions. If that examiner is not reasonably available, the opinions may be rendered by a different qualified medical professional. 

The examiner must provide an opinion that addresses the following:

(a) Whether it is at least as likely as not (50 percent probability or more) that the Veteran's hypertension had its clinical onset during active service or is related to any incident of service, to include exposure to herbicides.

In providing this opinion, the examiner must specifically consider the article Insulin and Insulin Resistance: Impact of Blood Pressure and Cardiovascular Disease.
 
(b) If the examiner determines that the Veteran's hypertension is not related to his active service, he/she should provide opinions as to the following questions: 

(i) Whether it is at least as likely as not (50 percent probability or more) that the Veteran's hypertension was caused by his PTSD or diabetes mellitus.

(ii) Whether it is at least as likely as not (50 percent probability or more) that the Veteran's hypertension was aggravated by his PTSD or diabetes mellitus.

In addressing aggravation, the examiner should note that the question concerns "any increase in severity." Thus any temporary worsening must be considered. 

In providing these opinions, the examiner must specifically consider the citation to Cecil Textbook of Medicine and the article Post-Traumatic (sic) Stress Disorder and Cardiovascular Disease. 

The examiner must also specifically consider the contention that sleep impairment can cause or aggravate hypertension, addressing the articles important-sleep-habits and sleep-and-disease-risk and the July 2013 VA Treatment Note addressing the Veteran's nightmares and interrupted sleep pattern. 

An additional examination of the Veteran should be scheduled only if deemed necessary to provide the requested opinion.

3. Then, readjudicate the Veteran's claim. If the benefit sought on appeal remains denied, the appellant and his representative should be provided a supplemental statement of the case and afforded an opportunity to respond. The case should be returned to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2015).

_________________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2015), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).